**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**PARKERSBURG DIVISION**

TIMOTHY MICHAEL MAZZA,

                Plaintiff,

v.                                         CIVIL ACTION NO.  6:10-cv-00834

NATHAN R. DEULEY, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the Defendants' Motion to Dismiss [Docket 8], filed by Nathan R. Deuley, M. W. Eichhorn, R. L. Koher, and the City of Parkersburg ("Parkersburg").  For the reasons stated below, the motion is **GRANTED in part** and **DENIED in part**.

**I.**      **Background**

According to the Complaint, the plaintiff, Timothy Michael Mazza, was arrested on October 20, 2009 by three on-duty Parkersburg police officers (Deuley, Eichhorn, and Koher).  The plaintiff alleges that the three officers entered onto his property in Parkersburg without probable cause or a warrant, and then "viciously assaulted, kicked and struck [him], detained him against his will, both prior to and subsequent to handcuffing, all of which was without probable cause or provocation, and without any resistance whatsoever."  (Compl. ¶ 6.)  The plaintiff alleged that during this altercation the officers were "cursing, belittling, humiliating and degrading the plaintiff," as well as "using derogatory terms" that were intended to accomplish the same.  (*Id.*)  The plaintiff was then transported to the police station and held for approximately eight hours.  The plaintiff alleges that

while at the station, he was subjected to "verbal and emotional battery," detained against his will by the three officers, and "ordered to sign official documents without being permitted to fully read and amend the same."  (Compl. ¶ 7.)

On June 17, 2010, the plaintiff filed this suit, naming Officers Deuley, Eichhorn, and Koher and the City of Parkersburg as defendants.  He asserts five state-law tort claims and four claims under federal law.  The defendants moved to dismiss certain of plaintiff's claims on July 15, 2010. Specifically, the defendants maintain: (1) that the plaintiff has not sufficiently alleged a cause of action predicated on a violation of his rights under the First, Fifth, and Sixth Amendments to the U.S. Constitution; (2) that the plaintiff has not adequately pleaded a cause of action for conspiracy under 42 U.S.C. §§ 1983, 1985; and (3) that two of the plaintiff's state-law claims against Parkersburg, based on vicarious liability (Count II) and negligent hiring, retention, and supervision (Count IV), are either barred by West Virginia's municipal immunity statute or inadequately pleaded.  The plaintiff responded on August 5, 2010,[1] and the defendants replied on August 12, 2010.  The matter is ripe for review.

## II.    Motion to Dismiss Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading.  *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  As the Supreme Court recently reiterated in

---

[1] The plaintiff's response to the defendants' motion to dismiss is untimely, as it should have been filed on July 29, 2010.  *See* L.R. Civ. P. 7.1(a)(7).  Nevertheless, the court will exercise its discretion to consider the arguments set forth in the plaintiff's untimely response.  The plaintiff filed a corrected response on August 23, 2010 [Docket 17], simply to correct a mistaken caption.

*Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949-50. Moreover, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal quotation marks omitted). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.* In other words, a complaint must contain enough facts to "nudge[] [a] claim cross the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III. Discussion

### A. The Plaintiff's First, Fifth, and Sixth Amendment Claims

In support of his first state-law claim, labeled "constitutional tort," the plaintiff asserts a claim for relief based on the incorporation in the West Virginia Constitution of the rights guaranteed by "the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." (Compl. ¶ 10.) In similar fashion, the plaintiff claims that he is entitled to relief under federal law for illegal detention and unlawful conspiracy based on violations of his rights under the "First, Fourth, and Fourteenth Amendments to the United States Constitution." (Compl. ¶¶ 26, 34.) The

plaintiff, however, has failed to sufficiently allege a claim pursuant to the First, Fifth, and Sixth Amendments.[2]  He has merely alleged the bare legal conclusion that his rights under those amendments were violated, without alleging the elements of a claim under those constitutional provisions or any factual predicate in support of those claims.

The plaintiff maintains in opposition to the defendants' motion that his rights under the First Amendment were violated when the three "officers became enraged and attacked the Plaintiff when he expressed an unwillingness to speak with them."  (Pl.'s Resp. 5.)  Assuming the plaintiff's unwillingness to speak with the officers is of constitutional magnitude, there are simply no facts alleged in the Complaint that plausibly support such a claim.  The plaintiff's passing reference to the First Amendment, unadorned by any other factual allegations, is insufficient to assert a claim for relief under the First Amendment.  Next, the plaintiff asserts that his "arrest and detention without just cause, in addition to being forced to sign documents which he was not permitted an opportunity to read," violated his Fifth Amendment right to due process. The Fifth Amendment's due process clause applies only to the federal government, however; the Fourteenth Amendment's due process clause applies to states and municipalities.  *See United States v. Al-Hamdi*, 356 F.3d 564, 573 n.11 (4th Cir. 2004).  Because there is no federal entity involved here, the plaintiff's Fifth Amendment claim fails as a matter of law.  Finally, the plaintiff has apparently abandoned his Sixth Amendment claim, for he has not presented any argument in opposition to the defendants' motion to dismiss that claim.  Nonetheless, the plaintiff has alleged neither a factual predicate in support of

---

[2] Notably, the defendants concede that the plaintiff has sufficiently alleged facts in the Complaint to support a claim for relief under the Fourth and Fourteenth Amendments to the United States Constitution.  (Defs.'Mem. Supp. Mot. Dismiss 4 n.1.)

a Sixth Amendment claim nor the legal elements of such a claim. Thus, that claim will be dismissed.

In sum, the plaintiff has not adequately pleaded a claim based on his rights under the First, Fourth, and Sixth Amendments to the United States Constitution. Accordingly, his Complaint, to the extent it rests on those constitutional provisions, will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

B.      *The Plaintiff's Conspiracy Claim*

In support of his conspiracy claim under 42 U.S.C. §§ 1983, 1985, the plaintiff simply alleges in the Complaint that discovery "will establish that the Defendants unlawfully conspired to deprive the Plaintiff of his constitutionally protected rights." (Compl. ¶ 33.) Proof of the following elements is required to establish a federal conspiracy claim:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995). The Fourth Circuit has observed that the "principal element" is an "agreement or a meeting of the minds by defendants to violate the claimant's constitutional rights." *Id.* at 1377 (internal quotation marks omitted). In other words, the participants must share the same conspiratorial objective, such that there was a "single plan, the essential nature and general scope of which was known to each person who is to be held responsible for its consequences." *Id.* at 1378 (internal quotation marks and alteration omitted).

It is readily apparent that the plaintiff has failed to properly plead the second required element of a federal conspiracy claim. Put simply, the plaintiff has not alleged that the defendants'

treatment of him was motivated by any particular characteristic belonging to the plaintiff.  Indeed,

the Complaint is silent as to any "specific class-based, invidiously discriminatory animus" that may

have  motivated the defendants.  *Id.* at 1376.  In his opposition memorandum, the plaintiff claims

that the officers' "verbal taunts to the Plaintiff regarding his sexuality" — including the officers' use

of the term "faggot" — indicates their "jointly held intent to harass, abuse, and injure" the plaintiff.

(Pl.'s Resp. 6.)  The Complaint is entirely silent, however, regarding any verbal taunting related to

the plaintiff's sexuality, and never mentions the use of the term "faggot," nor the plaintiff's sexuality

(or membership in any protected class) at all.  Because "[t]here was certainly no 'meeting of the

minds' sufficient to support a section 1985(3) claim," *Simmons*, 47 F.3d at 1378, this claim will be

dismissed without prejudice.

C.      *The Plaintiff's State-Law Claims Against Parkersburg*

1.      *Vicarious Liability*

In his second state-law claim, the plaintiff alleges that Parkersburg is vicariously liable for

the actions of the three defendant officers.  Parkersburg maintains that it is immune from such a

claim under the West Virginia Governmental Torts Claims and Insurance Reform Act (the "Act"),

which provides that a political subdivision is immune from liability resulting from "the method of

providing police, law enforcement or fire protections."  W. Va. Code § 29-12A-5(a)(5).  More

specifically, pursuant to § 29-12A-4(c) of the Act, a political subdivision is liable only for the

negligent acts of its employees, not for their intentional malfeasance.  *See Mallamo v. Town of

Rivesville*, 477 S.E.2d 525, 533 (W. Va. 1996).

The plaintiff explains, however, that he "seeks only to recover damages from [Parkersburg]

to the extent of its liability insurance."  (Pl.'s Resp. 5.)  Indeed, the Supreme Court of Appeals of

West Virginia has recently assessed that sort of claim.  *See Bender v. Glendenning*, 632 S.E.2d 330,

335 (W. Va. 2006).  In *Bender*, the court observed that, notwithstanding the Act's broad immunity

provisions, "when a policy of insurance provides coverage for a political subdivision, the terms of

such insurance contract determine the rights and responsibilities of the insurer and its insured(s)."

*Id.*  More specifically, § 29-12A-9(a) of the Act provides:

> If a policy or contract of liability insurance covering a political subdivision or its
> employees is applicable, the terms of the policy govern the rights and obligations of
> the political subdivision and the insurer with respect to the investigation, settlement,
> payment and defense of suits against the political subdivision, or its employees,
> covered by the policy.

W. Va. Code § 29-12A-9(a).  Thus, the operative question is whether the insurance policy in

question "include[s] appropriate language and/or exclusions which specifically preserve the Act's

immunity provisions."  *Bender*, 632 S.E.2d at 336.  In this case, the terms of any insurance policy

are not before me at this stage of the proceedings.  Accordingly, the question of whether Parkersburg

enjoys immunity from the plaintiff's vicarious liability claim cannot be resolved at this juncture.

Thus, I will deny Parkersburg's motion to dismiss the plaintiff's vicarious liability claim in Count

II of the Complaint.

### 2.      *Negligent Hiring, Retention, and Supervision*

Parkersburg also seeks dismissal of the plaintiff's third state-law claim, which alleges that

Parkersburg failed  "to exercise reasonable care in the hiring, retention, and/or supervision" of the

three officers.  (Compl. ¶ 17.)  As this court recently observed, West Virginia recognizes a cause of

action based upon a municipality's negligent hiring and retention.  *See Woods v. Town of Danville*,

__ F. Supp. 2d __, No. 2:09-cv-366, 2010 WL 1976855, at *9 (S.D. W. Va. May 14, 2010); *see also*

*State ex rel. West Virginia State Police v. Taylor*, 499 S.E. 2d 283, 289 n. 7 (1997).  The test applied

to such a claim is whether the employer, when the employee was hired or retained, conducted "a reasonable investigation into the employer's background vis a vis the job for which the employee was hired and the possible risk of harm or injury to co-workers or third parties that could result from the conduct of an unfit employee." *McCormick v. W. Va. Dep't of Public Safety*, 503 S.E. 2d 502, 506 n.5 (W. Va. 1998) (per curiam) (internal quotation marks omitted).  Thus, the focus is on whether the employer "should have reasonably foreseen the risk caused by hiring or retaining an unfit person." *Id.* (internal quotation marks omitted).

Parkersburg identifies two pleading defects that are fatal to the plaintiff's negligent hiring or retention claim.  First, the plaintiff does not even attempt to allege a factual predicate in the Complaint for this claim.  More specifically, he never alleges that Parkersburg failed to conduct an investigation into the defendant officers' backgrounds, that any investigation that Parkersburg did perform was inadequate, or that the officers possessed a background or characteristic that should have given Parkersburg pause as to their hiring or retention.  Second, the plaintiff fails to allege any causal link between Parkersburg's failure to conduct a reasonable investigation (assuming that factual predicate was sufficiently pleaded) and the harm that resulted to the plaintiff.  In short, the plaintiff has not even offered the barebones legal conclusion that Parkersburg should have reasonably foreseen that the hiring or retention of the defendant officers would cause a risk of injury to the plaintiff. *See McCormick*, 503 S.E. 2d at 506 n.5.  The plaintiff, by contrast, maintains that "the actions of the defendant officers" (presumably with respect to the plaintiff's arrest) "are such that the City of Parkersburg should have been aware of the menace to the public by police officers who would engage in such behavior."  (Pl.'s Resp. 6.)  Even assuming that such an allegation was contained in the Complaint (it is not), it would be insufficient to support a claim for relief in light

-8-

of West Virginia's description of the tort of negligent hiring and supervision.  Accordingly, that claim, which is set forth in Count IV of the Complaint, will be dismissed without prejudice.

## IV.     Conclusion

The defendants' Motion to Dismiss [Docket 8] is **GRANTED in part** and **DENIED in part**. It is **GRANTED** as to the plaintiff's claims under the First, Fifth, and Sixth Amendments, his federal conspiracy claim, and his state-law negligent hiring, retention, and supervision claim.  It is **DENIED** as to the plaintiff's state-law vicarious liability claim.  Left remaining in this action are four of the plaintiff's state-law claims: (1) his constitutional tort claim (except to the extent it is predicated on the First, Fifth, and Sixth Amendments to the United States Constitution); (2) his vicarious liability claim; (3) his battery claim, and (4) his intentional infliction of emotional distress claim.  Also remaining are three of the plaintiff's federal-law claims, set forth as Counts I, II, and III of the Complaint.

The court **DIRECTS** the Clerk to send a copy of this written opinion to counsel of record and any unrepresented party.

ENTER:          August 26, 2010

Joseph R. Goodwin, Chief Judge

-9-